Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
TAMSEN STRONA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| TAMSEN STRONA, | Case No.: 5:20-cv-2218 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| v. | |
| CAPITAL LINK MANAGEMENT, LLC, | |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

Plaintiff, TAMSEN STRONA ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, CAPITAL LINK MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Adelanto, San Bernardino County, State of California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

11. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a national collection agency with a principal place of business located in the City of Albany, Erie County, State of New York.

13. Defendant is a domestic limited liability company.

14. Upon information and belief, Defendant's managers and/or members are citizens of the State of New York.

15. Upon information and belief, Defendant is a citizen of the State of New York.

16. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

18. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other

correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect a consumer debt from Plaintiff originating with a Lending Club account.

23. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

24. On or about March 4, 2020, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-0441, in an attempt to collect the alleged debt.

25. Since Defendant began calling Plaintiff, Defendant has left the following voicemail messages on Plaintiff's telephone:

   a. "Hello, we are contacting you today in regards to documentation sent to your address that you failed to respond to. Please have you or your attorney reach out to a representative at 855-399-4803. Again, that's 855-399-4803."

   b. "Yes, hello, my name is Steven Brown. And I'm recording to leave a notification for Tamsen Strona. There's... ten different numbers here, very important to get in touch with you, Mr. Storm. My number is 866-213-8465. This is in regards to a paper [inaudible 00:00:19] in my office that I got to expedite as of the end of next week, probably. Please reach

- 4 -

me today."

    c.  "Yes, hello. My name is Steven Brown. I'm required to leave a notification for Tamsen Strona.  Mr. Strona, there's been a formal complaint petition that I actually found in my office that I have a very short period of time to be able to work with you or [inaudible 00:00:12] representing attorney. Please contact me. My number is 866-213-8465, in urgent manner for Tamsen Strona."

26. The voicemail messages left on Plaintiff's telephone did not disclose the communication is from Capital Link Management.

27. The voicemail messages left on Plaintiff's telephone did not disclose that the communication is from a debtor collector and that any information obtained will be used for that purpose.

28. Defendant is or should be familiar with the FDCPA and the RFDCPA.

29. Defendant knows or should know the FDCPA and the RFDCPA require a debt collector to disclose the caller's identity when communicating with a consumer.

30. Defendant knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

31. To date, Defendant has not taken legal action against Plaintiff.

PLAINTIFF'S COMPLAINT

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-one (31) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from Capital Link Management;

   b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

   c. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended be taken, when Defendant left voicemail messages on Plaintiff's telephone and threatened to take legal action against Plaintiff when Defendant did not intend to take such action;

   d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any

debt or to obtain information concerning a consumer, when Defendant falsely insinuated a lawsuit was filed against Plaintiff when no such action was taken against Plaintiff;

e.  Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages on Plaintiff's telephone and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

f.  Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TAMSEN STRONA, respectfully requests judgment be entered against Defendant, CAPITAL LINK MANAGEMENT, LLC, for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT**
**COLLECTION PRACTICES ACT**

37. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-one (31) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left voicemail messages on Plaintiff's telephone and did not disclose the communication is from Capital Link Management;

   b. Defendant violated § 1788.13(j) of the RFDCPA by falsely representing that a legal proceeding is about to be or will be instituted unless payment of a consumer debt is made, when Defendant left voicemail messages on Plaintiff's telephone and threatened to take legal action against Plaintiff when Defendant did not intend to take such action; and

   c. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

- 8 -

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, TAMSEN STRONA, respectfully requests judgment be entered against Defendant, CAPITAL LINK MANAGEMENT, LLC, for the following:

39. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

40. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

41. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY      SUBMITTED,


DATED:  October 22, 2020          By: _/s/ Michael S. Agruss_____
                                                 Michael S. Agruss
                                                 Attorney for Plaintiff

PLAINTIFF'S COMPLAINT